LOUISA McCRAY ET AL. V. GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY.

No. 370.—Decided February 3, 1896.

**1. Master and Servant—Negligence—Circumstantial Evidence.**

When a servant sues his employer for damages arising from injuries caused by the negligence of the latter, the plaintiff must prove the negligence of the defendant, and proof of the accident and injury alone will not be sufficient to authorize a recovery. But the circumstances attending the injury may, without any direct evidence, be sufficient to establish the fact of negligence. (P. 170.)

**2. Same—Fact Case—Res Ipsa Loquitur.**

A brakeman sitting on the side of a car in a train running between stations was killed by a steel rail, part of the load of a car in front of him, falling therefrom, one end striking the ground and the other sweeping along the side of the train and striking him. Without other proof of negligence in the loading of the car of rails, the circumstances were sufficient to take the case to the jury and it was error to direct a verdict for defendant. (Pp. 169 to 173.)

**3. Same—Duty of Railway Company.**

It is the duty of a railway company to place the cars on its road in the hands of its employes in a condition reasonably safe to be handled by them in the course of transportation. If a car be not in such condition and injury results either from defect in the car or in the manner of loading it, the railway company would be liable for damages for such injury. (P. 172.)

**4. Careless Loading of Cars—Opinion Evidence.**

It is competent to prove by expert testimony that if heavy iron rails are properly loaded upon a car for carriage the rails so loaded will not fall from the car in transportation, although a jury upon their own judgment might arrive at the same opinion or conclusion. (P. 173.)

**5. Custom—Duties of Brakeman—Evidence.**

In the absence of testimony that the duties of a brakeman upon all railroads were to attend to the brakes upon the train and do not require him to aid in or supervise the loading of the cars nor to inspect said cars after they are loaded, a

witness knowing nothing of the duties of a brakeman on the defendant's railroad
was incompetent to testify to the duties of brakemen generally or upon other rail-
roads. (P. 174.)

ERROR to Court of Civil Appeals for Fourth District, in an appeal
from Bexar county.

*Thos. H. Franklin* and *Yale Hicks*, for plaintiffs in error.—The Court
of Civil Appeals erred in sustaining the trial court in holding that there
was no proof of negligence authorizing submission of the case to the
jury. (The facts are given in opinion.) Railway v. Crowder, 63 Texas,
502; Railway v. Raney, 86 Texas, 363, S. W. Rep., 340; Railway v. Slat-
tery, 3 App. Cas., 1180, House of Lords.

The witness Hoyt should have been allowed to testify to the duties
of the brakeman, and as to the proper loading of the rails upon the cars.
Railway v. Johnson, 78 Texas, 536; Railway v. Reed, 31 S. W. Rep., 1058.

*Upson & Bergstrom,* for defendant in error.—The testimony of an ex-
pert is not admissible upon questions where the facts can be stated and
the jury are as competent and fully as able to draw its conclusions there-
from as the witness. Johnson v. Railway, 30 S. W. Rep., 95.

In case of injuries to employes the presumption is that the master had
exercised all due care and was not guilty of any negligence causing or
contributing to such injury, and negligence cannot be presumed from
the occurrence of an accident, but the plaintiff or the injured servant
must prove the act of negligence on the part of the master causing such
injury. Lyon v. Railway, 29 S. W. Rep., 1107; Bonnet v. Railway, 31
S. W. Rep., 525; Railway v. Waldo, 26 S. W. Rep., 1004.

BROWN, ASSOCIATE JUSTICE.—Louisa McCray, the widow of Jesse
McCray, deceased, and their four children: Charles, Nettie, Jesse and
Alice, sued the defendant, the G. H. & S. A. Ry. Co:, for damages on
account of the death of their husband and father. The facts as proved
are that Jesse McCray was in the employ of the defendant as a brakeman,
and, at the time of his death, was sitting on a car loaded with steel rails,
on the defendant's road, going into the city of San Antonio. The car
was one of a train of about ten or twelve cars loaded with steel rails, and
a box-car and caboose. The train was running at a rate of about 25
miles per hour when one of the steel rails fell from the flat car in front
of the one on which Jesse McCray was sitting; one end of the steel rail
struck the ground and the other end, resting on the side of the car, in
the language of the witness, "swept the whole north side of the train"
and struck Jesse McCray, who was sitting on the north side of the car,
killing him instantly. The steel rail was about thirty feet long and
weighed seven hundred pounds. The proof showed that about one hour
after the train arrived at San Antonio the car from which the rail fell
was examined by the conductor, and it was found that all of the standards
or guards remaining on it were in good condition. The witness did not

know how many guards there were on the car before the accident occurred. He stated that he knew that there were not less than four of such guards on each side when he received it, because he did not consider it safe with less than four guards on each side, and would not have received it with less.

The plaintiff introduced L. J. Hoyt, who testified that he had been in the service of railroad companies for fourteen years, in the capacity of brakeman, switchman and conductor, and that he knew the manner in which railroad rails are usually loaded on flat-cars, and how they are usually protected; and he also knew how they should be loaded and protected in order to prevent them from falling off. The plaintiff proved by said witness Hoyt the manner in which the said steel rails should have been loaded upon the flat cars, and offered to prove by him that if the said rail had been loaded in such manner it could not have fallen off as it did. To this testimony the defendant objected upon the following grounds: (1) that it was irrelevant to any issue in the case, (2) that the facts sought to be proved were not the subject of expert testimony, (3) that to allow the witness to testify to said facts was to permit him to express his opinion with reference to the matter without first showing that he had knowledge of the facts upon which said opinion was based, and (4) that the opinion of the witness was not admissible. Which objections were sustained by the court and the evidence excluded.

This was the only evidence offered upon the trial, and the court instructed the jury to find a verdict for the defendant, which was done, and judgment was rendered by the District Court for the defendant which was affirmed by the Court of Civil Appeals.

Plaintiff in error urges two objections to the judgment of the Court of Civil Appeals in this case as follows: (1) that the court erred in sustaining the action of the District Court in instructing the jury to find for the defendant. (2) That the court erred in sustaining the ruling of the District Court excluding the evidence of witness Hoyt, as shown by the bill of exceptions.

It is a general rule that, when a servant sues his master or employer for damages arising from injuries caused by the negligence of the latter, the plaintiff must prove the negligence of the defendant, and that proof of the accident and injury alone will not be sufficient to authorize a recovery. However, it is well settled by authority that the circumstances attending the injury may be sufficient to establish the fact of negligence without any direct proof thereof.

In the case of T. & N. O. Ry. Co. v. Crowder, 63 Texas, on page 504, Judge Stayton, after stating the general rule, says: "There is no doubt that cases occur in which the accident is of such character as, of itself, when considered in connection with the facts which necessarily appear in showing the accident, to amount to sufficient proof of the want of due care by the defendant and of the exercise of due care by the plaintiff to authorize a jury to find both facts, without any direct proof on either point; but this does not affect the question of burden of proof, but relates

rather to the sufficiency of the evidence furnished by the accident itself.

"The burden of proof, resting on a plaintiff upon the issues of negligence of the defendant and his own exercise of due care, requires that he should show the facts surrounding and leading to the accident, and if from these, when shown, a jury may reasonably infer negligence in the defendant contributing to the injury and the exercise of due care by the plaintiff, then he is entitled to a verdict; but if he does not show how the accident occurred by which he was injured, by showing his own relation to it and the other surrounding facts, some or all of which may appear from the character of the accident itself, then he has not gone with his evidence as far as the law requires him to go to authorize a recovery."

Mr. Wharton, in his work on negligence, section 421, having stated the general rule, says: "But the very nature of the accident may, of itself and through the presumption it carries, supply the requisite proof."

In Shearman and Redfield on Negligence, section 59, the author, having likewise stated the general rule upon the subject, continues: "In many cases the maxim res ipsa loquitur applies. The affair speaks for itself. It is not that in every case negligence can be assumed from the mere fact of the accident and of injury, but in these cases the surrounding circumstances, which are necessarily brought into view by showing how the accident occurred, contain, without further proof, sufficient evidence of the defendant's duty and of his negligence to perform it. The fact of the casualty and the attendant circumstances may themselves furnish all the proof of negligence that the injured person is able to offer, or that it is necessary to offer."

In Scott v. Railway, 3 Hurl. & Col. (Exch.), 594, the court announced the same rule in the following language: "There must be reasonable evidence of negligence. But where the thing is shown to be under the management of the defendant, or his servants, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care."

The doctrine announced in the foregoing quotations is amply sustained by the authorities, both English and American, of the multitude of which we cite the following: Cooley on Torts, 697; 2 Thompson on Negligence, 1227 et. seq.; Holbrook v. Railway, 12 N. Y., 236; Brehm v. Railway, 34 Barb., 256; Barnowski v. Helson, 15 L. R. Ann., 33; Howser v. Railway, 27 L. R. Ann., 154; Rose v. Railway, 20 Blatch., C. C. R., 411; Byrne v. Boadle, 2 Hurl. & Col. (Exch.), 726; Briggs v. Oliver, 4 Hurl. & Col. 403; Kearney v. L. B. & S. C. Co., 6 L. R. Q. B. 760; Cummings v. N. F. Co., 60 Wis., 610; Mulcairns v. City of Janesville, 67 Wis., 33.

The case of Byrne v. Boadle, cited above, was an action for damages sustained by the plaintiff from a barrel rolling out of a warehouse of the defendant upon the sidewalk and injuring the plaintiff. The court said: "It is the duty of persons, who keep barrels in a warehouse, to take care that they do not roll out, and I think that such a case would, beyond all

doubt, afford prima facia evidence of negligence. A barrel could not roll out of a warehouse without some negligence, and to say that the plaintiff, who is injured by it, must call witnesses from the warehouse to prove negligence, seems to me to be preposterous."

In Howser v. The C. & Pa. R. Co., cited above, the plaintiff was walking along a foot-path near the track of the railway when a train of cars, loaded with railroad ties, passed by him, and one of the ties fell off, striking the plaintiff causing his injury. There was no other proof of negligence, and the court held that this proof was sufficient to submit the case to the jury. After reviewing many of the cases upon this question the court said: "These and many other English and American cases clearly establish the fact that it is not requisite that the plaintiff's proof, on occasions of this kind, should negative all possible circumstances which would excuse the defendant, but it is sufficient if it negative all probable circumstances which would have this effect."

In the case of Rose v. The S. & C. R. Co., above cited, the plaintiff was injured by the explosion of a boiler. There was no evidence of negligence, except the facts surrounding the explosion itself. The court in speaking of the application of the rule hereinbefore stated said: "It is contended, however, that it was error to instruct the jury that they might infer such negligence from the fact of explosion, and it is argued that such a presumption only obtains when the defendant is under a contract obligation to the plaintiff as in the case of common carrier or bailee. Undoubtedly the presumption has been more frequently applied in cases against carriers of passengers than any other cases of negligence, but there is no foundation in authority or in reason for any such limitation of the rule of evidence, as the presumption originates from the nature of the act, not from the relations between the parties. It is indulged as a legitimate inference whenever the occurrence is such as, in the ordinary course of things, does not take place when proper care is exercised, and is one for which the defendant is responsible.

It was the duty of the railroad company to place the cars in the hands of its employes in a condition reasonably safe to be handled by them in the course of transportation. If the car was not in such condition, either from defects in the car itself or on account of improperly loading the rails thereon, and the injury to the deceased resulted from such unsafe condition, the defendant would be liable for damages occasioned by reason of the injury.

This car was in the keeping and under the control of the defendant. The loading of the rails was done by it or by its servants, and if the accident was such that it would not probably have occurred, in the ordinary course of transportation, if the car had been properly loaded, the circumstances attending the accident would furnish sufficient evidence to authorize a verdict for the plaintiff if no explanations were given by the defendant. If there be an explanation which would excuse the defendant it has the means of making the proof and should do so, and the

plaintiff should not be required to negative every circumstance which might possibly arise whereby the accident might have occurred.

The District Court erred in instructing the jury, under the circumstances of this case, to find a verdict for the defendant. It should have submitted the case to the jury, under proper instructions, to determine from the evidence whether or not the defendant had been guilty of negligence, and whether that negligence caused the death of Jesse McCray.

The issue in this case, as stated above, was whether or not the defendant was guilty of negligence in loading the steel rails on the car in question. The determination of this question depended upon the further question whether the rail would probably have fallen as it did, in the ordinary course of its carriage upon the car, and if it would not probably have done so, then the facts would justify the jury to conclude that it was not properly placed on that car, and that the defendant was guilty of negligence. How could the fact be proved that a rail properly adjusted upon the car, resting inside of the guards and extending beyond the guards at each end, would not probably fall, as described by the witness, except by means of the opinion of witnesses, qualified to testify to such opinion, as to whether it would or would not have done so? The jury might possibly, from their knowledge of such matters, have concluded that the rail could or could not have so fallen under such circumstances, but this did not deprive either party of the right to make proof on the question. (Railway v. Lacy, 86 Texas, 249.)

The only means by which the jury could be aided, in arriving at a conclusion as to this matter, would be by hearing the opinions of persons better informed than they were upon such matters. It is a fact incapable of direct proof, and yet it is a fact necessary to be found by the jury in order to arrive at a correct conclusion upon the issue of negligence. Hoyt showed by his testimony that he had sufficient experience in the transaction of such business to authorize the court to permit him to express his opinion upon the question, and if it is a proper subject of expert testimony, then such opinion should have been admitted.

In the case of the I. & G. N. Ry. Co. v. Klaus, 64 Texas, 293, the question was whether a bridge over a stream was so constructed as to cause the overflow of plaintiff's land. In other words, was the bridge negligently built? The court permitted witnesses to give their opinion to the effect that the openings of the bridge were not large enough to permit the water and drift to pass through them. We see no difference in principle between the evidence admitted in that case and that which was excluded in this. In the case cited, it was proved that, the openings of the bridge being too narrow, the drift could not pass; and by necessary implication also proved that, if the openings had been of proper width, the injury would not have occurred. In this case it was proposed to prove by the opinion of Hoyt that, if the car had been properly loaded, the rail could not have fallen. The difference is simply in the manner of stating the proposition, and the admissibility of the evidence in both cases rests upon the reason,—that the fact to be established can-

not be proved by better evidence than the opinions of witnesses competent to testify in reference thereto. Railway v. Johnston, 78 Texas, 541; Railway v. Thompson, 75 Texas, 503-504.

In the case of Railway v. Thompson, 75 Texas, 504, plaintiff offered to prove by a witness, who was a brakeman of considerable experience, that if the engine had been running at a speed of twenty-five or thirty miles an hour, it would not have been possible for the cars to have remained on the track.

To this evidence, the defendant objected; which objection was overruled by the court, and the ruling was assigned as error upon appeal. Ruling of the court below was sustained, and it was held that the admission of the testimony was not error.

We think that this case is directly in point upon the question now under discussion.

The plaintiff in error also offered to prove by the witness Hoyt that the duties of a brakeman were to attend to the brakes upon the train; that his duties did not require him to aid in or supervise the loading of the cars, nor to inspect said cars after the same were loaded. The witness had no knowledge of a brakeman's duties on this particular road, and his testimony could only be as to duties of brakemen generally and on other roads. If it had been shown that the duties of brakemen were in this particular common upon all roads, the testimony ought to have been admitted, but, in the absence of such proof, we think that the court correctly excluded the evidence, because it does not tend to show what were the duties of a brakeman upon the road of the defendant and under his employment by it. Railway v. Reed, 31 S. W. Rep., 1058.

The District Court erred in excluding the evidence of Hoyt as proposed by the plaintiff, in so far as it was proposed to have him give his opinion as to whether the accident could have occurred as it did if the car had been properly loaded.

For the errors before stated, the judgment of the District Court and of the Court of Civil Appeals are reversed and the cause is remanded.

*Reversed and remanded.*

Justice Denman not sitting.