### JAMES A. BROADWAY ET AL. v. SAN ANTONIO GAS COMPANY.

Decided January 9, 1901.

**1. Master and Servant—Action for Personal Injury—Negligence Not Presumed.**

Where a servant sues the master for damages arising from personal injuries inflicted through the master's negligence, he must prove such negligence in order to recover, and proof of the accident and injury, standing alone, will not justify a recovery.

**2. Same—Negligence of Master Not Shown by the Evidence.**

In an action of damages for negligent injury causing the death of an employe of a gas company, it was shown that the deceased in the discharge of his duty opened the door of a furnace and an explosion occurred and a grate bar was propelled through his body, causing instant death. It was contended that the master's negligence was shown in that the bar was filled with clay, which was wet when it was placed in the furnace, but it was not shown that the use of clay, wet or dry, was improper or dangerous, and no defect was shown in the construction of the bar or the furnace. Held, that a verdict for defendant was properly instructed, as the evidence did not warrant a recovery by plaintiff.

APPEAL from Bexar. Tried below before Hon. J. L. CAMP.

*Keller & Williams,* for appellants.

*Onion & Henry,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is a suit instituted by James Broadway and Amalia Broadway, the surviving minor son and wife of Reuben T. Broadway, and James A. Broadway and Mattie Broadway, the father and mother of said Reuben T. Broadway, to recover damages for his death, which occurred on December 25, 1898. A verdict was instructed for appellee.

The death was caused by a grate bar which was propelled through the open door of the furnace into the body of Reuben T. Broadway.

The evidence showed that deceased, an employe, in discharge of his duty opened a furnace door, and was engaged in fixing a steam spray, and that while so engaged a hot grate bar was hurled through the door and into his body, causing instant death. To account for the accident appellee introduced evidence to the effect that an explosion will occur whenever the furnace door is opened and the valves of the generator and main superheater are closed, and that deceased knew this, and that immediately after his death the valves were found closed. It was in proof by appellants that the grate bar that killed Reuben T. Broadway, as well as the other grate bars, was hollow and filled with clay, and their theory is that the explosion occurred on account of hot air getting into the hollow bar. It is a well settled rule, where the servant or employe sues his master or employer for damages arising from personal injuries inflicted through the negligence of defendant, that in order to recover he must prove such negligence, and proof of the accident and injury standing alone will not justify a recovery. It may be that the facts attending the injury led to the inevitable conclusion that there was negligence, and in such case the proof would be sufficient, but this would not impinge upon the rule above stated. There is, therefore, no exception to the general rule above cited, because, while the facts surrounding the accident may be sufficient in themselves to indicate negligence, without direct proof, the rule remains intact requiring some proof of negligence.

As said in the case of Railway v. Crowder, 63 Texas, 502, in a case of master and servant: "The burden of proof, resting on a plaintiff upon the issues of negligence of the defendant and his own exercise of due care requires that he should show the facts surrounding and leading to the accident, and if from these, when shown, a jury may reasonably infer negligence in the defendant contributory to the injury, and the exercise of due care by the plaintiff, then he is entitled to a verdict; but if he does not show how the accident occurred by which he was injured, by showing his own relation to it, and the other surrounding facts, some or all of which may appear from the character of the accident itself, then he has not gone with his evidence as far as the law requires him to go to authorize a recovery."

In the case of McCray v. Railway, 89 Texas, 168, the Supreme Court cites Shearman & Redfield on Negligence, section 59, to the effect that "in many cases the maxim 'res ipsa loquitur,' applies," as being applicable to injuries received by the servant through the negligence of the master, but such is not this case. The rule announced in the section quoted applies to other cases than those between master and servant. In section 223 of the same text-book, under the head of "Liability of Masters to Servants," it is distinctly said that the rule announced in section 59 does not apply as between master and servant, but that the negligence of the master must be shown either directly or by the facts surrounding the accident.

In Lumber Company v. Denham, 85 Texas, 56, where an employe had sued for damages resulting from machinery, it was held that a

charge was correct which instructed the jury that "the mere fact that an accident happens, or an injury occurs, is not of itself proof of negligence." In that case the employe was knocked down by a piece of wood that fell from a frame of timber on a belt and was hurled against plaintiff. In an Iowa case it was contended that "in case of an accident to an employe, from collision, derailment, or latent defect in machinery, negligence is presumed, until the contrary is shown," and the court said: "This is the rule applied to passenger cases, but we had supposed it too well settled in this State to be the subject of serious controversy that, in any and all cases, the burden is upon an employe or servant to prove the negligence that is the proximate cause of the injury." Brownfield v. Railway, 77 N. W. Rep., 1038. Even in the case of a passenger the mere fact of injury will not raise a presumption of negligence upon the part of the carrier. Holbrook v. Railway, 12 N. Y., 236. In case cited it is said: "It generally happens, however, in cases of this nature, that the same evidence which proves the injury done shows circumstances from which strong presumptions of negligence arise, and which cast on the defendant the burden of disproving it. For example: A passenger's leg is broken while on his passage in a railroad car. This mere fact is no evidence of negligence on the part of the carrier until something further be shown. If the witness who swears to the injury testifies also that it was caused by a crash in a collision with another train of cars belonging to the same carriers, the presumption of negligence immediately arises; not, however, from the fact that the leg was broken, but from the circumstances attending the fact. On the other hand, if the witness who proves the injury swears that at the moment when it happened he heard the report of a gun outside the car, and found a bullet in the fractured limb, the presumption would be against the negligence of the carrier. It is incorrect, therefore, to say that the negligence of the carrier is to be presumed from the mere fact that an injury has been done to the plaintiff. The presumption arises from the cause of the injury, or from other circumstances attending it, and not from the injury itself." This extended quotation from the opinion is made as being authority for the proposition that, even in the case of a passenger, the mere fact of death or injury is not sufficient to raise the presumption of negligence.

In the case now under consideration appellants proved that deceased was killed by a grate bar propelled from the furnace into his body. There were several grounds of negligence pleaded, but in the written argument of appellants the only ground that it is claimed was established was the use of the grate bars filled with clay. No effort was made to prove that the grate bars used were not the kind customarily used for that purpose, or that the use of clay, wet or dry, in them rendered them unsafe or dangerous. No fault or defect was shown in the construction of the grate bars, and no negligence was pointed out in the manner of using them, but the whole testimony of appellants is to the effect that a furnace door was opened, an explosion took place, and a

man was killed by a grate bar blown from the furnace. It is evident that the grate bar was chosen as the defective appliance simply from the fact that it was the missile of death. Had no testimony been introduced by appellee, we do not believe appellants had shown sufficient to make a case for the jury. But appellee did not let the matter rest on the utter weakness of appellants' case, but introduced evidence strongly tending to prove that the death of Reuben T. Broadway was caused by his own negligence in not closing certain valves before opening the furnace door. It may be that the explanation given was not entirely satisfactory, but in the absence of any proof of negligence on the part of appellee, it would not matter how unsatisfactory it was. If a jury had found in favor of appellants on the whole evidence it would have necessitated a new trial on the ground that there was no evidence to sustain it, and it was therefore proper to instruct a verdict for appellee.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

It is strenuously insisted by appellants that the evidence established that the grate bars were filled with wet clay when the explosion occurred. There is no testimony to sustain such contention, but the uncontroverted evidence was to the effect that the clay was thoroughly dried in the pipes before they were used as grate bars. How long the bars had been in use on the grate does not appear, but if for any length of time whatever, with the furnace at a heat of 2200° Fahrenheit, the clay must have been thoroughly dried before the explosion. The theory upon which appellants contend for their right to recover damages is that the grate bars were hollow and were filled with wet clay, and while the clay was wet, the bars were placed in the grate and the furnace heated, and the explosion occurred by reason of the wet clay. The theory, however plausible, is not supported by the facts embodied in the record. As before stated, there is no evidence that tends to show that the clay was wet when the bars were used on the grate, and if there had been, there was no attempt made to prove that the use of wet clay in the grate bars was improper or dangerous, or calculated to result in an explosion, or that the explosion occurred in the grate bar itself, or that there was any defect in it that would likely have caused such an explosion. Upon the simple proposition that by some tremendous power a grate bar was driven through deceased causing his death, the theory is builded that there was negligence in placing clay in the bar, and that thereby the explosion was caused. There was no attempt made to account for the explosion, except that made by appellee, and that explanation of the explosion did not support the theory of appellants, but was totally antagonistic to it.

In the case of McCray v. Railway, 89 Texas, 169, a rail loaded on a car fell off and killed an employe, and the effect of the decision was

that negligence might be inferred because rails when properly loaded do not fall off of cars. It was known that the falling of the rail caused the death, but in this case there are neither the rules of experience or anything else from which the inference can be drawn that the explosion was from within and not from without the bar. The propelling force must have originated in the bar itself to support the wet clay theory, and it can no more be inferred from the accident that it was something in the bar that caused its rapid flight than it could be inferred that the rapid velocity of a ball fired from a cannon was the result of some terrific force contained in it, and not from some explosive outside of it.

The motion is overruled.

*Overruled.*

Writ of error refused.