EMMA A. CASSADY ET AL. V. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS.

Application No. 9380.  Decided March 29, 1916.

**Negligence—Master and Servant—Res Ipsa Loquitur.**

Refusing a writ of error on the ground that the circumstances of the particular accident here involved furnish, in themselves, proof of negligence, the Supreme Court dissents from the opinion of the Court of Civil Appeals herein (175 S. W., 796) that the doctrine of *res ipsa loquitur* applies, as a rule, in cases of injury sustained by a servant in the service of a master.  McCray v. Galveston, H. & S. A. Ry. Co., 89 Texas, 168, followed.

Application for writ of error to the Court of Civil Appeals for the Second District, in an appeal from Cooke County.

*C. C. Huff, A. H. McKnight, J. M. Chambers,* and *Garnett & Garnett,* for applicant, cited:  Broadway v. San Antonio Gas Co., 24 Texas Civ. App., 603, 60 S. W., 270; Galveston, H. & S. A. Ry. Co. v. Garvin, 109 S. W., 427; Lone Star Brewing Co. v. Willie, 114 S. W., 191.

*Stuart, Bell & More,* for appellee.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

We deem it proper to say that we do not subscribe to the statement in the opinion of the honorable Court of Civil Appeals that it is a general holding of this court that the doctrine of res ipsa loquitur applies, as a rule, in cases of injury sustained by a servant in the services of a master.  McCray v. Railway Co., 89 Texas, 168, recognizes that in such cases the doctrine does not apply.  We think the facts of the present case bring it within the rule, equally announced in McCray v. Railway Co., that the circumstances of a particular accident may themselves furnish proof of negligence; and it is for this reason that the writ of error is refused.

*Writ of error refused.*