not be possible to try the Barnhart case that week.

The application nowhere alleges that the case had not been set for the day upon which it was called for trial, but the allegation is that no resetting had been brought to their notice, and that they were under the impression that the case had been set for the 14th. The record shows that the application for a continuance was presented on April 13th, and the trial was not had until April 14th. It is probable that accurate measurements of the distance between the standpipe and the track could have been taken after the adjournment of court on the 13th of April, or before court convened the next morning. It appears from the record that the plaintiff proved by G. P. Russell that he had taken such measurements, and that the standpipe was 53½ inches from the south rail of the track, and that the average box car would extend over the rail on either side about 30 inches, not including the step.

The court's explanation to the bill of exceptions which presents this question shows that the case was reset in the presence of counsel for the defendant for the very day it was called for trial. It also shows that the defendant's witness J. H. Webster was never subpœnaed as a witness, and that he was in attendance upon court, and left just the day before the trial of the case. The application was addressed, as an equitable application, and not a statutory one, to the discretion of the trial court, and, there being nothing to indicate an abuse of that discretion, we find no error in its refusal.

We have carefully examined the other questions presented for review, and find no reversible error in the rulings of the trial court. For the errors indicated by the honorable Court of Civil Appeals in reversing the case, its judgment should be reversed, and the judgment of the district court should be affirmed; and it is so ordered.

---

MISSOURI, K. & T. RY. CO. OF TEXAS v. CASSADY et al. (App. No. 9380.)

(Supreme Court of Texas. March 29, 1916.)

MASTER AND SERVANT ⚙➡265(5)—INJURIES TO SERVANT—NEGLIGENCE—PROOF BY CIRCUMSTANCES.

The circumstances of an accident to an employé may themselves furnish proof of the employer's negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 881, 898, 955; Dec. Dig. ⚙➡265(5).]

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by Emma A. Cassady and others against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiffs, defendant appealed to the Court of Civil Appeals, which affirmed the judg-

ment. 175 S. W. 796. To review its judgment, defendant petitions for writ of error. Writ refused.

C. C. Huff, A. H. McKnight and J. M. Chambers, all of Dallas, and Garnett & Garnett, of Gainesville, for plaintiff in error. Stuart, Bell & Moore, of Gainesville, for defendants in error.

PHILLIPS, C. J. We deem it proper to say that we do not subscribe to the statement in the opinion of the honorable Court of Civil Appeals that it is a general holding of this court that the doctrine of res ipsa loquitur applies, as a rule, in cases of injury sustained by a servant in the services of a master. McCray v. Railway Company, 89 Tex. 168, 34 S. W. 95, recognizes that in such cases the doctrine does not apply. We think the facts of the present case bring it within the rule, equally announced in McCray v. Railway Company, that the circumstances of a particular accident may themselves furnish proof of negligence; and it is for this reason that the writ of error is refused.