SAN ANTONIO BREWING ASS'N v. SIEVERT.   (No. 5825.)

(Court of Civil Appeals of Texas. San Antonio. April 18, 1917. Rehearing Denied May 16, 1917.)

1. MASTER AND SERVANT ☞278(17)—INJURIES TO SERVANT—ACTION.

    In an employé's action for personal injuries, caused by the fall of a stack of kegs which he was engaged in handling, evidence *held* insufficient to show negligence on the part of the employer in stacking the kegs.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 969.]

2. MASTER AND SERVANT ☞265(10)—INJURIES TO SERVANT—PLEADING—RES IPSA LOQUITUR.

    In a servant's action for personal injuries, caused by the fall of a stack of kegs, where he

pleads the negligent acts of the employer in method of stacking the kegs, the burden is upon him to show by direct proof actionable negligence on the employer's part as pleader; negligence not being inferable, as between master and servant, from the mere happening of the accident.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 890.]

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Action by Julius Sievert against the San Antonio Brewing Association. Judgment for plaintiff, and defendant appeals. Reversed.

Newton & Newton and Terrell & Terrell, all of San Antonio, for appellant. Harris & Newton and Will A. Morriss, all of San Antonio, for appellee.

FLY, C. J. This is a suit for damages by appellee against appellant, alleged to have arisen through the negligence of appellant in not furnishing appellee, its employé, a safe place in which to work, in this: That kegs were so unsafely and carelessly stacked that they fell and injured the left hand of appellee. The negligence, as particularized, consisted in stacking the kegs in an insecure, loose, and careless manner; in stacking them at too great a height, so that they could be jarred and shaken down; in stacking the kegs in too close proximity to the place where appellee was working; and in not having timely inspections made as to the method of stacking the kegs. A trial by jury resulted in a verdict and judgment in favor of appellee for $5,000. This is a second appeal to this court, the former opinion being found in 182 S. W. 389. The former reversal of the judgment, for the same amount in favor of appellee, as on the last trial, was on account of the insufficiency of the evidence to sustain the verdict. The evidence on this appeal, so far as its probative force goes, is practically the same as on the former appeal.

[1] The testimony of appellee shows that he was working in an aisle, five feet wide, between two rows of beer kegs, in a large room belonging to appellant, and was engaged in removing the bungs from the kegs, emptying them of the water with which they were filled, then putting them on a slide which carried them away. He had, in performing his labor, to lift them from the piles in which they were stacked four high, place them on the floor, then remove the bungs with a bung starter. He claims to have been working on a pile to his right with his left to the row of kegs on the opposite side of the aisle or passageway, and as he lifted a keg from the pile on his right, and placed it on the floor, and was engaged in extracting a bung, a keg from across the passageway fell and crushed his left hand. There was no testimony tending to show that the stack from which the keg fell, which injured appellee, was insecurely stacked, unless it is to be inferred from the fact that a keg fell. Neither appellee nor any one else had noticed the unsafe condition of any of the stacks, and the testimony of Fuermann showed that the kegs "were stacked the same as usual, usual and customary way, the proper way to stack the kegs," on the day that appellee was injured. Mandry swore that there were no "barrels out of the stack on the left-hand side." The kegs were stacked by the fellow servants of appellee. No one knew what caused the barrel to fall, if it fell from a pile on appellee's left. Appellee testified:

"I do not know what caused that barrel to fall, what the reason of it was."

No one knew how long the kegs had been piled. Mandry testified that they had been piled for two or three days, and he supervised the piling of the kegs, and saw that they were safely stacked. Appellee was working on the barrels that had been longest stacked. The books of appellant showed that appellee was hurt on December 9, although he testified it was December 8, 1910. On the last date seven car loaders, who also stacked kegs, were at work among the kegs, and the same number on December 9th. Appellee admitted that he was hurt in October, 1910, by the car loaders rolling the kegs over and knocking other kegs down. The evidence utterly fails to show that the kegs were improperly stacked, or that due care was not exercised to discover defective stacking, if such stacking had been proved.

The only basis for a recovery in this case is that the kegs were improperly and negligently stacked, and although this was done by the fellow servants of appellee, for whose acts appellant could not be held accountable, still it is contended it was the duty of appellant to discover such imperfect stacking and remedy it. The evidence utterly fails to show improper or careless stacking, or that the keg fell by reason thereof, if it had been proved. The evidence shows that the car loaders, who at a previous time had knocked a keg down on appellee, were at work about the kegs at the time appellee was hurt. The former act may have been repeated, a hypothesis based upon circumstances to sustain it, while the fact of improper stacking is sustained by no facts whatever. It was in proof that in the course of experience of the superintendent, Etter, a stack of kegs had never fallen from improper stacking. This testimony was not controverted, nor that to the effect that, if improperly stacked, "they come down again right away." Much of the testimony tended to show that the keg that hurt appellee came from the stack from which appellee was taking kegs. It is a coincidence that, according to appellee's testimony, just as he pulled the keg to the floor on the right-hand side, a keg came down from the left-hand side. Did he shake it down by the force with which he jerked his keg to the floor?

[2] Taking the evidence of appellee in its most favorable light, and what caused the

keg to fall from the stack on the left is not known. This is not a case where the doctrine of res ipsa loquitur applies, for appellee has pleaded the negligent acts of appellant which caused his injuries, and it devolved on him by direct proof to show actionable negligence upon the part of appellant as alleged. Negligence is not inferable, as between master and servant, from the mere happening of the accident; but there may be cases where the circumstances in proof show that the accident would not have happened, if due care had been exercised. The facts in this case show that the falling of the keg could have occurred from other causes than improper stacking, and the circumstances fail to indicate that, but for improper stacking, the keg would not have fallen. Negligence has been alleged in a certain way, and negligence must be proved as alleged. It may be shown by circumstances which lead naturally and directly to the reasonable conclusion that negligence caused the accident; that is, the negligence alleged. We have never fully agreed with the case of McCray v. Railway, 89 Tex. 168, 34 S. W. 95, as we stated in Broadway v. San Antonio Gas Co., 24 Tex. Civ. App. 603, 60 S. W. 270, in which a writ of error was refused, and yet it may be stated that the evidence in the McCray Case showed that only improper loading could have caused the steel rail to fall off the car. No such testimony appears in this case. As said by this court in Railway v. Garven, 50 Tex. Civ. App. 248, 109 S. W. 427:

"There is really no exception to the rule that negligence is not inferable, as between master and servant, from the mere occurrence of an accident; but there are cases where the very nature of the action may of itself, and through the presumption it carries, supply the requisite proof: that is, the circumstances in proof show that the accident would not have happened, if due care had been exercised."

See, also, Lone Star Brewing Co. v. Willie, 52 Tex. Civ. App. 550, 114 S. W. 186.

As said by this court on the former appeal (182 S. W. 389):

"In this case there is no allegation or proof that the place furnished by appellant was not a reasonably safe one, and the sole ground of negligence is the improper piling of the barrels. The piling was admittedly done by fellow servants. There is no evidence as to when the barrels were stacked. There is no evidence tending to show that appellant had any notice whatever of the dangerous condition in which the barrels were stacked, or that the utmost diligence would have disclosed such dangerous condition."

In addition, the evidence not only fails to show that the kegs were negligently stacked, but there was evidence tending to show that they had been safely stacked, and that, if one of the kegs fell, it was from some other cause than improper stacking.

There is no allegation of any defect in any tools, machinery, or other appliances furnished appellee, nor in the construction of the premises where he worked, nor of any neg-ligence in the employment of any servant whose negligence might have caused the accident. Everything was in perfect order, so far as construction and provision were concerned. It was only a matter of detail in the operation of the work and in the final analysis of a failure to discover the negligent way in which the fellow servants of appellee had stacked the kegs. No negligence is shown in this regard.

Negligence must be proven by facts or circumstances; it cannot rest upon surmise, inference, suspicion, or imagination. The kegs may have fallen as narrated by appellee; but what caused it is not disclosed, and there is an utter failure to prove a case of negligence. This case has been thoroughly investigated, and nothing further can be added to it.

The judgment of the lower court is reversed, and judgment here rendered that appellee take nothing by this suit, and that appellant recover all costs in this behalf expended.