## TEX. & PAC. R'Y CO. v. A. L. DE MILLEY.

(Case No. 1504.)

1. REMOVAL OF CAUSE.— The application for the removal of this cause is the same in every respect as that acted upon in the case of Tex. & Pac. R'y Co. *v.* McAllister, and the decision in that case is followed.

2. EVIDENCE — NEGLIGENCE.— Proof tending to show that there were other defects in the road-bed of the company than those particularly alleged, and that such defects had existed for some time, is admissible, where the petition alleges that there was gross negligence on the part of the company. Wharton on Evidence, 30, 41; R. R. Co. *v.* Nast, 93 U. S., 391, and other authorities cited.

3. SAME — EXEMPLARY DAMAGES.— Evidence of knowledge by the company of facts intimately connected with those upon which actual damage done to the party rests is admissible to show acts of so wilful and negligent a char-

acter as to make the company liable for exemplary damages. Such a rule is not changed by the fact that the jury gave no exemplary damages.

4. SAME — OPINION.— If the opinion of a witness is sought, such opinion, to be of any value, must be based upon facts in the case.

5. REJECTION OF TESTIMONY.— It is incumbent upon a party complaining of the rejection of testimony to show the ground for such rejection; and, if the record be silent on that subject, the presumption is that the ruling of the court was correct.

APPEAL from Harrison. Tried below before the Hon. A. J. Booty.

A. L. De Milley sued the Tex. & Pac. R'y Co. for personal injuries alleged to have been sustained while he was a passenger on its road on November 6, 1880. He charges that the injury was the result of the gross negligence of the company in permitting its road at the point of the accident to remain out of repair for the space of three months. The accident was caused by a broken rail. He claims that he was at the time a passenger, and that he received serious and permanent injuries by reason of that portion of the train upon which he was being suddenly and violently precipitated from the track over an embankment thirty feet in height.

To this the defendant company made a general denial, and that its road was good, the iron sound, that it made frequent inspections of the road, and a day or two before the accident, and that to all appearances the iron bar was sound and good; that the accident was caused by a broken rail on the west end of a trestle bridge, and that the identical bar of iron that broke and caused the accident was fully and carefully inspected, and found, to all outward appearances, sound and good, and that the track under that particular rail was carefully repaired by a competent railway man, and was, to all appearances, safe and in good repair; that if there was a defect in the bar it was hidden and was not discovered on inspection; that the weather had suddenly turned cold, and that railway iron was more liable to break during such sudden cold spells than in warm weather.

At the first term of the court after the suit was filed the defendant filed its petition to remove the cause to the circuit court of the United States, at Jefferson, in the eastern district of Texas, and gave bond, which was approved by the court, as required by the act of congress, which motion was presented to the district judge, and was by him overruled. There was a trial at the fall term, 1882, resulting in a judgment for the plaintiff for $4,000. A motion for a new trial was made and overruled, and notice of appeal given to this court.

*James Turner*, for appellant, on the sufficiency of the petition to remove the cause, cited: Hatch *v.* C., R. I. & P. R. R., 6 Blatch.,

105; Fisk *v.* U. P. R. R., 8 Blatch., 243; Dunistown *v.* Draper, 5 Blatch., 336; Shaft *v.* Phœnix Ins. Co., 67 N. Y., 544; Bell *v.* Dix, 49 N. Y., 232; Berry *v.* R. R. Co., 64 Mo., 533; Kern *v.* Huidekoper, 13 Otto, 485; McComb *v.* U. P. R. R., 3 Dill., 366; Stewart *v.* Mordecai, 40 Ga., 2; Durham *v.* Ins. Co., 46 Tex., 182. On other propositions: Woolsey *v.* McMahan, 46 Tex., 64; T. & P. R'y Co. *v.* Murphy, 46 Tex., 356; Hutchinson on Carriers, sec. 793; Thompson on Carriers, 554, 555.

*W. & N. A. Steadman* and *F. B. Sexton*, for appellees.

STAYTON, ASSOCIATE JUSTICE.— The application for removal of this cause from the state to the federal court was based upon the act of July 27, 1868, and it is not claimed that the right to recover existed under any other of the removal acts.

The application is in all material respects the same as in the case of The T. & P. R'y Co. *v.* McAllister, decided at the last Austin term of this court (59 Tex., 349). In that case it was held that the application for removal was insufficient, and we now see no reason to change the ruling or to doubt its correctness, and, without again giving the reasons for the holding, upon the reasons given in that case we hold that the application in this case is insufficient to authorize the removal of the cause to the United States court.

The injury to the appellee was caused by a broken rail, and this was alleged in the petition and verified by the evidence for both parties. The petition also contained averments that the road of the appellant was in bad condition at the time and place where the injury was inflicted, and for some distance on each side of that place from which the cars were thrown from the track; that the road was unsafe, and for a long time prior to the injury was known to be so to the appellant, who, notwithstanding such knowledge, with a conscious and criminal indifference to the safety of passengers, continued to run its trains without repairing its road; and that it failed to employ the necessary force to put its road in proper order.

The petition specified defects in the road which made its use dangerous, and alleged that the continuance of such condition, and the use of the road while it continued, with a knowledge of such condition, and the dangers resulting therefrom, was such gross negligence as entitled the appellee to recover exemplary damages. The evidence relating to these allegations was conflicting, but there was evidence strongly tending to support them.

On the trial, after proof had been made of the manner in which the cars were thrown from the track, two witnesses were permitted

to state the general condition of the road in the vicinity of the place where the injury occurred, and to specify other defects in the road than that from which the injury directly resulted, and they were also permitted to state the length of time such defects had existed prior to the injury. This is assigned as error, and it is insisted that the evidence should have been restricted to such defect in the road as was the immediate cause of the injury; and this upon the theory that the proof must correspond with the allegations.

The immediate cause of the injury was alleged to be a broken rail, which had been in that condition for some time prior to the injury. That the proof must correspond with the allegations is well settled, but it is not perceived that the rule was violated in this case; for the immediate cause of the injury was proved as alleged by the witnesses for both parties; and the proof as to the bad condition of the road, all of which was alleged, was introduced for the sole purpose of showing a gross degree of negligence, and a wilful disregard for the safety of passengers by appellant, for the purpose of recovering exemplary damages.

For the purpose of showing that the defect from which the injury resulted was negligently permitted to remain, and that due care was not taken to keep the road in good order, evidence as to the general bad condition of the road at and about the place where the injury occurred for some time prior thereto was certainly admissible; as was it to show knowledge to the appellant of such defects, and its indisposition promptly to remedy them.

While a single defect might escape the observation of even a careful man, and be therefore but evidence of slight neglect, yet, if defects were numerous and patent, their existence, if continued for any considerable time, would be evidence of gross neglect, weak or strong in proportion to the number and character of defects, the length of time they had continued, and their openness to observation, when considered with reference to the risk resulting to passengers from their existence; for all persons and corporations are presumed to know the general condition of their property by the use of which in their business other persons may be endangered.

The general dangerous condition of a railway is a fact to which a jury may look for the purpose not only of ascertaining the degree of care used by the owner, but also for the purpose of showing the indifference of the owner to the safety of those whom it undertakes to transport.

When a party is sued for damages flowing from a specified negligent act, it is ordinarily irrelevant to prove other similar, but dis-

connected acts. "But where a party is charged with the negligent use of a dangerous agency, and where the case against him is that he did not use care proportionate to the danger, then the question becomes material whether he knew, or ought to have known, the extent of the danger. On such an issue as this, it is relevant for the party aggrieved to put in evidence of disconnected acts, of which it was the duty of the defendant to have been cognizant, and which, if he were cognizant of them, would have advised him of the extent of the danger, and would have made it his duty to take precautions which would, if faithfully applied, have prevented the injury sued for. Thus, in an action against a railroad company for injuries sustained from a car running off the track, evidence has been received to prove seven or eight runnings off of the track on the same road by the same line of cars in the previous month." Wharton's Law of Evidence, 41; Indianapolis R. R. v. Horst, 93 U. S., 291; Mobile R. R. v. Ashcroft, 48 Ala., 15; Faucett v. Nichols, 64 N. Y., 384; Grand Trunk R. R. Co. v. Richardson et al., 91 U. S., 454; Buckley v. Leonard, 4 Denio, 501; Keenan v. Hayden, 39 Wis., 560; Stephen's Digest of Law of Evidence, part 1, ch. 3, arts. 11, 12, and notes.

"Knowledge, however, must usually be proved inductively from facts by which notice to the party can be inferred; and hence, within well ascertained limits, evidence of overt acts of the same class as that under investigation is admissible for the purpose of proving *scienter* or intent, or of negativing accident." Wharton's Law of Negligence, 30.

The purpose for which the evidence in this cause was admitted is shown by the bill of exceptions to have been to sustain the appellee's claim for exemplary damages. To sustain that claim it became important to establish against the appellant, not simply that it was negligent, but that the injury resulted from its gross negligence. If it appeared that the condition of the road, at and about the place of the injury, was such as could not have escaped the observation of a person operating machinery so dangerous as railways operate, if in good faith and with due care it was intending to discharge its duty to the public, then upon the question of knowledge of the unsafe condition of the road by the company, which was a pertinent inquiry upon the question of exemplary damages, the jury might look to all the facts so intimately connected for the purpose of determining whether the appellant knew, or ought to have known, of the dangerous condition of its road; and the jury might also look to the time during which the road in that vicinity had been in bad order, as well as to the failure of the company to employ

the necessary labor to put the road in good order, for the purpose of determining whether or not the injury resulted from the indifference of the company to the safety of passengers; for if it knew of the defects, and operated the road indifferent to the danger resulting to passengers therefrom, then just such a state of facts was shown as would have subjected the road to exemplary damages.

There was no conflict in the evidence as to the cause of the injury; the only contest was as to whether or not the existence of that cause resulted from the negligence of the appellant, and the degree of that negligence. Bearing, as the evidence did, upon the question of negligence, upon the knowledge by the appellant of the condition of its road, and upon the *animus* of the appellant, elements in claims for exemplary damages which could, perhaps, be more fully illustrated by the management and condition of the road in the vicinity than otherwise, it was admissible, and the fact that the jury gave no exemplary damages cannot change the rule.

In the attitude of the present case it becomes unnecessary for us to determine whether or not the evidence objected to would have been admissible to establish a claim for actual damage; but such evidence would seem to be admissible in all cases when the defense is that the injury resulted from accident. Wharton's Law of Evidence, 38; Faucett *v.* Nichols, 64 N. Y., 377.

The third assignment relates to the admission of the testimony of the witness Taylor and others, to the effect that the same train on which appellee was injured was near the same place, on the same day, again thrown from the track by a broken rail. This testimony, as that before referred to, was admissible for the same reasons.

The fourth assignment relates to the rejection of the evidence of the witnesses Horne, Magnus, Smith and McGrow. The bill of exceptions shows that the appellants, for the purpose of rebutting testimony offered by the appellee, to the effect that the rail from which the injury resulted had been broken for ten or fifteen days, sought the opinion of those witnesses as to what would have been the effect upon passing trains if the rail in question had not only been broken, but had in part been removed from the track. The testimony was objected to, as the judge who tried the cause states in the bill of exceptions, because there was no proof sustaining the hypothesis upon which these opinions were sought. Such being the case, and we must take the statement of the judge to be true, there was no error in excluding the evidence; for if the opinion of a witness is sought, such opinion, to be of any value, must be based upon facts in the case.

It is claimed that counsel objecting to the evidence gave no reason for the rejection. This is in conflict with the statement of the judge explanatory of the bill of exceptions; but if true, it is not perceived that such fact could benefit the appellant.

It is incumbent upon a party who complains of the rejection of testimony to show the ground of the rejection, and, if the record be silent upon that subject, the presumption would be in favor of the correctness of the ruling of the court.

It is claimed that a new trial should have been granted on account of the juror Taylor, who had served upon a jury in another cause based mainly upon the same facts as this, but between the appellant and another plaintiff. It is contended that the juror, when interrogated under oath as to whether he had been a juror in the other case, answered that he had not, when in fact he had been, and that by such answer appellant was prevented from challenging him.

Upon the motion for new trial based upon this matter, an issue of fact seems to have been tried by the judge, who finds that no such question was put to the juror, and this finding corresponds with the statement of the judge made from his own memory in signing the bill of exceptions. If the ruling of the judge be one which this court would revise, the record in this case does not bear such conclusive evidence of an erroneous finding by the judge in this respect as to justify this court in setting it aside. It rests with those who seek information upon which to base a challenge for cause to ask the necessary and proper questions.

The verdict of the jury is large, but not so large as to justify this court in setting it aside upon the ground that it is excessive.

Under the evidence we cannot say that the verdict is aught than an honest, conscientious and impartial estimate by the jury of the damage actually sustained by the appellee.

The charge of the court presents the question of the negligence of the appellant fairly to the jury. The court instructed the jury as to the duty of a railway company to construct its road with good and suitable material, and to maintain it in good order, and informed the jury that a failure to do so was negligence. This was not an invasion of the province of the jury; for the whole question as to the condition of the road was left to the finding of the jury.

The record presents no cause requiring the reversal of the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered October 19, 1883.]