HOUSTON EAST & WEST TEXAS RAILWAY COMPANY V.
LUTHER RICHARDS.

Decided January 26, 1899.

**1. Practice—Court and Jury—Charge—Conflict of Evidence.**

A charge which requires the jury to reconcile conflicts in the evidence, if possible, so as to give credit to the whole of the testimony, is erroneous in a case in which there is such a conflict.

**2. Damages—Medical Expenses.**

In an action for personal injuries no recovery can be had for medical expenses unless the evidence shows the amount of the outlay therefor.

**3. Same—Charge as to Measure of.**

An instruction that, if the jury find for plaintiff in an action for personal injuries, they shall allow such damages as seem right and proper under the circumstances in evidence; that it is not necessary to prove by witnesses the amount of such damages resulting from personal injuries or mental pain, but they are to be determined from general knowledge and experience; and that they may consider bodily and mental pain endured, if any, and probable future injury,—is erroneous as authorizing the jury to understand that no proof of any amount, as to any class of damage, is required, but that they may consult their own general knowledge and experience as their only guide.

**4. Carriers of Passengers Not Liable for All Risks of Travel.**

It is only for the consequences of such risks of travel as could have been provided against by proper diligence that the carrier is to be held liable.

**5. Same—Evidence—Circumstances—Knowledge.**

Evidence as to the condition of other switches on a railroad like the one in question, and that wrecks at such switches had been caused by a condition which the evidence tends to show existed and helped to cause the wreck at the one in question, is admissible in an action for personal injuries sustained in a railway accident for the purpose of bringing home to the railway company knowledge of the existence of such condition.

**6. Same—Evidence of Previous Condition.**

Evidence as to the previous condition of a switch where a wreck occurred is admissible for the purpose of bringing home to the railway company knowledge of the existence of such condition.

**7. Same—Photographs.**

Photographs of the scene of a railroad train wreck, to be admissible in evidence, should be shown to accurately represent the things therein reproduced.

**8. Presumption of Negligence—Charge.**

A special charge that the derailment of a train raises no presumption of negligence is properly refused, as authorizing the jury to infer that no inference of negligence could be drawn from such fact, and as being on the weight of evidence.

**9. Negligence—Testing Machinery.**

See the opinion for charge of court and discussion thereof as to the care required in testing car wheels to discover latent defects.

APPEAL from Shelby. Tried below before Hon. TOM C. DAVIS.

*Baker, Botts, Baker & Lovett, J. C. Feagan,* and *Oswald S. Parker,* for appellant.

*Branch, Garrison & Blount,* for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—Appellee recovered the judgment, from which this appeal is taken, for damages for personal injuries sustained in the derailment and wreck of one of appellant's passenger trains upon which he was traveling as a passenger. The catastrophe was alleged to have resulted from the gross negligence of the defendant in using defective and unsafe cars, roadbed and track, and running its trains thereupon at a high and dangerous rate of speed, and the damages claimed were for personal injuries, charged to be permanent, medical expenses, and railroad fare paid. besides which exemplary damages were prayed for.

There was a conflict of evidence as to the existence of some of the facts tending to show negligence on the one hand or to exculpate defendant on the other, and also as to the nature and extent of plaintiff's injuries.

The court in its charge included the following instruction: "You are the sole and exclusive judges of the facts proved, of the weight of the evidence, and the credibility of the witnesses, and if you should find there to be a conflict in the evidence, you should reconcile such conflict if you can, so as to give credit to the whole of the testimony. If you can not so reconcile the testimony, then you must decide for yourself as to which of the testimony you will believe and is entitled to the greater credibility, and you can give to the testimony of each witness testifying in the case such weight and credit as you think they are entitled to."

By the decision of the Supreme Court in the case of Railway v. Runnells, 47 Southwestern Reporter, 971, a charge which required the jury to reconcile conflicts in the evidence seems to have been held to be erroneous in a case where there was a conflict. There were conflicts here, and we must hold the assignment attacking this instruction to be well taken.

The only charge given as to the measure of damages was the following: "If you find for plaintiff under the instructions heretofore given, you will allow him such damages as seem to you to be right and proper under all the facts and circumstances in evidence. It is not necessary to prove by witnesses the amount of such damages resulting from personal injuries or mental pain, but these are to be determined by you from your general knowledge and experience. In estimating damages (if you find any damages) which plaintiff has sustained (if you find any), you may consider bodily and mental pain endured by plaintiff (if any), and probable future injury that will result to him from such injuries, if any."

All of the damages which plaintiff sustained resulted from personal injuries, and the effect of this instruction was to give the jury to understand that no proof, of any amount, as to any class of damage, was required, but that they might consult their own general knowledge and experience as their only guide. As to medical expenses, this was clearly erroneous. If any recovery was to be had for such expenses, the evidence should have shown the amount of the outlay. If there was no proof of such amount, no recovery for such expenses was allowable. But the charge permits recovery though there be no proof.

Again, while it is true that evidence can not fix an amount which will compensate for mental or physical pain, and is therefore not exacted, the same is not so broadly true as to damages resulting from the fact that the injuries are permanent and the plaintiff's physical powers impaired. If an allowance is to be made for the value of the time lost in the past, such value must be proven. If the loss to result in the future, from impairment of earning capacity, it is to be taken into consideration; of course witnesses can not state the amount thereof, but it is nevertheless true that evidence should be laid before the jury of facts from which they are to determine such loss, and that they are to be guided thereby in reaching their verdict. The charge in question was probably intended to include within the rule stated only physical and mental pain, but its language is much broader, and left the jury to allow any damages they thought proper, regardless of evidence or absence of evidence. Railway v. Greenlee, 62 Texas, 351; Railway v. Simcock, 81 Texas, 504.

The following charge is also assigned as error: "A railway company is required to so construct its roadbed and track as to avoid such dangers as could be reasonably seen, by competent and skillful engineers, as likely to be incident to the particular nature of the country through which it is constructed; and thereafter to furnish a sufficient number of employes to keep and maintain such track and roadbed in the required condition."

Some dangers to passengers are necessarily incident to railway travel, and are therefore unavoidable by any degree of care and foresight which can be employed. These unavoidable dangers may be foreseen by competent engineers, and hence this instruction, taken literally, would make the carrier responsible for their consequences, although with all proper care and skill they could not have been averted. It is only for the consequences of such risks as could have been provided against by proper diligence that the carrier is held liable. The degree of care is discussed and fully stated in Railway v. Welch, 86 Texas, 205. In other parts of the charge too high a degree of diligence is not required, but it is doubtful if this instruction was rendered harmless. It has no special adaptation to the case, and should be omitted.

The evidence as to the condition of other switches on appellant's road shown to be like the one in question, and of the fact that wrecks at such switches had been caused by a condition which there was evidence tending to show existed and helped to cause the wreck at the one in question, was admissible for the purpose, explained in the charge, of bringing home to defendant knowledge of the existence of such condition. Railway v. DeMilley, 60 Texas, 199. The ruling in that case, and others which have followed it, admitted evidence of defects other than those charged to have caused the injuries, only where such other defects were in the vicinity of the one in question, while in this case the two switches were about fifteen miles apart. But the relevancy of the condition of the switch other than the one alleged to have caused the wreck arose from the fact that they were alike, and some of the evidence tended to show that the same defects existed in both, and that both of the wrecks were

thereby caused in the same way. Evidence as to the previous condition of the switch at Stern's Switch, where the wreck occurred, was admissible for the same purpose.

We think there should have been a better identification of the photographs, as a true reproduction of the scene of the wreck, than was offered. They may have been admitted, as suggested, merely to show the general appearance and not the minutiae of the situation; but when once before the jury they would naturally be examined, as affording evidence as to the condition of the rails of the switch and other facts about which there were controversies, and hence they should be shown to represent those things accurately.

We assume that the language of the counsel complained of will not be repeated at another trial, and hence deem it unnecessary to make further reference to it.

The principles stated in the first, second, third, and fourth special charges, requested by appellant, were sufficiently embraced in the general charge in form quite liberal to appellant. Some of these requested charges were objectionable, because they probably would have been understood by the jury to require a finding for the defendant, if there was no negligence with respect to the broken car wheel, and that it was one of the causes of the wreck, notwithstanding there may have been negligence in other respects contributing to the same result. The general charge, in giving the rules by which the jury were to determine defendant's responsibility for the defective wheel, prevented a misapplication of them if there should be found other negligence constituting concurring causes.

The fifth special charge, to the effect that the derailment of a train raises no presumption of negligence, was properly refused. It is true that the law raises no such presumption, but it is also true that a jury may often, from such a fact as that supposed, when unexplained, infer the fact of negligence. Addressed to a jury, such a charge would have meant that no such inference could be drawn and would therefore not only have been upon the weight of evidence, but would have stated an incorrect proposition.

We discover no prejudicial error in the clause of the charge which attempts a definition of "preponderance of evidence," but we are of the opinion that the phrase, by itself, is as plain as any further definition can make it.

There is, in the clause of the charge embraced in the fifteenth assignment of error, an incomplete sentence, but the meaning of the instruction must be apparent to any one.

Complaint is made in the eighteenth assignment of the following charge: "If you find from the evidence that the wreck in which plaintiff claims to have been injured was caused by a broken flange of one of the car wheels, and that alone, and you further find that the broken flange was caused by a latent defect in such wheel, and that the manufacturers of such wheel applied to it in its manufacture proper and suffi-

cient tests without discovering said defect, if any, and it was sufficient when it left Shreveport, or if it was defective and insufficient, and such defect or insufficiency was unknown to the defendant, and could not have been discovered by the use of due diligence, and the application of the ordinary and usual tests, then you will find for the defendant; but if you should find that the broken wheel, if any, was not the sole cause of the wreck, if any, but you find that the bad condition of the track, roadbed, switch, or fast running of the train was the proximate cause of the wreck, and it was negligence of the defendant that brought about this condition, and that plaintiff was injured thereby, and that such injuries are such as are charged in the petition, then you will find for plaintiff."

The objections are, (1) that it requires sufficient tests, i. e., such as would insure the safety of the wheel; (2) that, without evidence to warrant, it submits a question as to fast running of the train; and (3) that it assumes as facts the bad condition of the track, roadbed, and switch, and the fast running of the train.

1. Other parts of the charge instructed as to the care required in testing the wheel, and the language here used would, we think, be naturally understood to refer to those instructions for the meaning of "sufficient." That word, however, could be omitted without impairing the instruction.

2. We think there was evidence to warrant the court in submitting the question as to whether or not there was negligence in the rate of speed in which the train passed over that portion of the track, if in the condition which other evidence tended to show, the question as to negligence in speed depending, of course, upon all of the conditions shown to exist.

3. This criticism of the charge is warranted by some of the decisions cited, and without determining what would be the effect of this assignment upon the appeal, were there no other error, we simply remark that the question as to the condition of the road and the running of the train should be stated hypothetically. Railway v. Nixon, 52 Texas, 260.

The objection urged to the clause of the charge quoted in the seventeenth assignment of error is not well taken. It states the law applicable to the defense very much as appellant sought by special charges to have it stated, and was called for by the evidence.

The certificate to the depositions objected to is sufficient under the decision in Neill v. Cody, 26 Texas, 287. It contains all that was in the certificate there held to be sufficient. It was not made to appear that appellee's attorney participated in, or in any way influenced, the taking of the depositions, and it can not be presumed that such was the case.

Other assignments involve matters which will not again arise. Reversed and remanded.

*Reversed and remanded.*