GALVESTON, H. & S. A. RY. CO. v. PEREZ.* (No. 5574.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 10, 1916. Rehearing Denied Feb. 2, 1916.)

1. STEAM ☞6 — BOILER EXPLOSION — PRESUMPTION OF NEGLIGENCE.

Where, in an action for injuries to plaintiff, while walking along the street, from the explosion of a locomotive boiler in a roundhouse, it appeared that the locomotive was under the management of defendant and that such accidents do not happen in the ordinary course of things if those having the management use proper care, and no explanation of the accident was given by defendant, the presumption was that the explosion was due to defendant's negligence, though there was no direct proof thereof.

[Ed. Note.—For other cases, see Steam, Cent. Dig. §§ 4–11; Dec. Dig. ☞6.]

2. STEAM ☞6—BOILER EXPLOSION—PLEADING AND PROOF.

Where the petition alleged that the explosion was due to the negligence of defendant's employés, but did not specify any particular acts of negligence, it being stated that the particular acts were unknown to plaintiff and peculiarly within defendant's knowledge, proof of

general negligence was sufficient, and it was not essential that plaintiff prove any particular negligent acts.

[Ed. Note.—For other cases, see Steam, Cent. Dig. §§ 4–11; Dec. Dig. ☞6.]

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Action by Severo Perez, by next friend, against the Galveston, Harrisburg & San Antonio Railway Company. From judgment for plaintiff, defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, and Templeton, Brooks, Napier & Ogden and Ed. W. Smith, all of San Antonio, for appellant. Harrison & Gray, J. R. Norton, and James Routledge, all of San Antonio, for appellee.

CARL, J. Appellee sued appellant for personal injuries inflicted on him by reason of a boiler explosion, March 18, 1912, in one of appellant's locomotives in its yard in the city of San Antonio. It was alleged that appellee, a schoolboy, was walking along the street on his way to school when the explosion occurred, and a piece of the boiler was propelled by force of the explosion through the air and struck the ground near him, throwing him down and injured him; that the explosion was due to appellant's negligence. The petition alleged that:

"The said locomotive at and prior to the time of said explosion was owned and operated by the said defendant, and was in charge and control of the agents and employés of said defendant. That the said explosion of same was caused solely and only by and through the carelessness and negligence of said defendant and its agents and employés, who without cause or justification caused and permitted said locomotive to explode, as above set forth, solely and only through their fault and negligence. That this plaintiff was not near the said explosion at the time of said accident, but was at least 500 feet away from the same, and that he is not able to state and define particularly what particular negligence caused said explosion of said locomotive. That said locomotive was in the control and management of the defendant at said time and was being operated by it and was not even visible to this plaintiff, who is a minor of tender years, prior to said explosion. That the reason and cause of said explosion and the particular acts of negligence which caused and produced it are peculiarly within the knowledge of the defendant, and are not within the knowledge of the plaintiff and therefore he cannot more fully allege the same."

Almost this entire appeal is predicated upon the theory that the rule of law symbolized by the maxim res ipsa loquitur does not apply, and that there is no evidence showing any actionable negligence on the part of the railway company, its agents and employés; that it simply shows that the locomotive and boiler in question was destroyed, and does not show what was the cause of its destruction, whether it exploded or was blown up; and that the evidence does not show, nor tend to show, that any defect in the boiler was the cause of the explosion. The defendant admitted that the boiler exploded or was blown up, but denied the other material allegations. The piece of the boiler, which was hurled through the air about 1,000 feet away to where appellee was injured, weighed somewhere near 15,000 pounds, and its force was so great that it broke the window lights in the houses near where it fell. There is some testimony that the bolts were broken, and otherwise the boiler was in an improper condition to withstand excessive steam pressure. And there was evidence to the effect that there was excessive steam pressure, that the engine would stand 350 pounds of steam before it would explode, and that a safe working pressure would be about 225 pounds.

[1] This engine was shown to have been on the premises of appellant in its yards and under its control. It exploded, and a large piece of the boiler, hurled with terrific force, caused the injury to appellee, who was passing along a street some distance away.

"Ordinarily there must be reasonable evidence of negligence. But when the thing is shown to be under the management of the defendant or its servants, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of an explanation by defendant, that the accident arose from want of care." G., C. & S. F. Ry. Co. v. Wood, 63 S. W. 165. The "circumstances attending the injury may be sufficient to establish the fact of negligence without any direct proof thereof." McCray v. G., H. & S. A. Ry. Co., 89 Tex. 168, 34 S. W. 95. See, also, Washington v. Railway Co., 90 Tex. 314, 38 S. W. 764.

[2] In the case of McGraw v. G., H. & S. A. Ry. Co., 182 S. W. 417, this day decided by us, particular acts of negligence were set forth, and, having predicated the case upon such particular acts of negligence, it devolved upon the plaintiff to prove same; but in this case it was simply alleged generally that there was an explosion which caused the injury, and that the company was negligent, the particular acts of negligence being unknown to plaintiff, since they were peculiarly within the knowledge of the appellant. And the explosion of a steam boiler is such an unusual occurrence that it speaks for itself and is prima facie evidence of negligence. Though the mere fact that an accident has happened may not be evidence of negligence, the character of the accident and the circumstances attending it may be such as to leave reason to believe that without negligence it would not have occurred. For instance, negligence may be inferred from the unexplained derailment of a train. Railway Co. v. Richards, 20 Tex. Civ. App. 203, 49 S. W. 687; Railway Co. v. Suggs, 62 Tex. 323; Shoemaker v. Railway Co., 29 Tex. Civ. App. 578, 69 S. W. 990; Railway Co. v. Hawk, 30 Tex. Civ. App. 142, 69 S. W. 1037; G., H. & S. A. Ry. Co. v. Senn, 125 S. W. 322. Negligence in the operation may be inferred from the mere fact of a boiler explosion whereby injury is inflicted. Young v. Bransford, 12 Lea (Tenn.) 232.

The fact that the boiler exploded, coupled with the further fact that such is an unusual occurrence, is of itself sufficient to warrant

the conclusion or inference that some kind of negligence caused it to do so, and, since it was under the control and operation of the railway company, is sufficient, in the absence of explanation, to sustain a finding that the explosion was the result of appellant's negligence. If the doctrine of res ipsa loquitur does not apply to a case of this kind, then it would be difficult to find a case to which it does apply. Appellee was not an employé of appellant, but was a distant passer-by at the time he was injured. Ill. Cent. Ry. Co. v. Phillips, 55 Ill. 194; Id., 49 Ill. 234.

It was in evidence that the boiler was scattered in a thousand pieces for a distance of as much as a thousand feet away; that in a boiler of this kind there are 2,500 to 3,000 staybolts; that out of 10 or 12 found 7 or 8 showed the existence of old fractures in the same existing prior to the explosion, or about 60 per cent. of defective bolts.

From what we have said it follows that appellant's assignments of error must be overruled, and the judgment, which is for $5,000, be affirmed. It is so ordered.