**BALDWIN et al. v. STAMFORD STATE BANK et al.**

**No. 1422.**

Court of Civil Appeals of Texas. Eastland.

March 29, 1935.

Rehearing Denied April 26, 1935.

William E. Hawkins, of Abilene, and Robert E. Bowers, of Breckenridge, for appellants.

Ernest May, of Fort Worth, and Thomas & Thomas, of Anson, for appellees.

HICKMAN, Chief Justice.

This suit was instituted as a direct action in the nature of a bill of review to set aside and vacate a former judgment rendered in the court below in January, 1926, and to cancel and set aside a sheriff's deed made to the Stamford State Bank, plaintiff in the original suit, conveying a certain tract of land lying in Stonewall county, against which land the foreclosure of a deed of trust lien was decreed in the judgment sought to be set aside. Upon the findings of fact made by the jury in answer to special issues in the instant case, judgment was entered denying to plaintiffs any relief.

The judgment of foreclosure rendered in 1926 and sought to be vacated by this suit was in favor of Stamford State Bank against J. H. Baldwin and wife, Mrs. Nannie L. Baldwin, and other persons not necessary here to name. Since that time J. H. Baldwin has died and the claim of Mrs. Nannie L. Baldwin, his surviving widow, is that 200 acres of the 320-acre tract involved in the foreclosure proceeding constituted her homestead at the time the deed of trust thereon was executed, that the indebtedness secured was not one for which a valid lien could be created against a homestead, and that, therefore, no lien was created thereon by the execution of the deed of trust.

We do not find it necessary to discuss the pleadings upon which the case was tried. If it should be considered that any grounds for vacating the original judgment were alleged which were not submitted to the jury, or requested to be submitted, such grounds were waived. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084. Appellants requested no other issues than those submitted. The issues submitted to the jury, together with the answers returned, were as follows:

"Special Issue No. 1. In Cause No. 4619, Stamford State Bank vs. J. H. Baldwin, et al, in the District Court of Jones County, Texas, wherein a judgment was rendered on January 6th, 1926, do you find from a preponderance of the evidence that cita-

tion was not served in that case upon Mrs. Nannie L. Baldwin? Answer 'It was served,' or 'it was not served' as you find the facts to be. Answer: It was served.

"Special Issue No. 2. Do you find from a preponderance of the evidence that a written answer was not filed for Mrs. Nannie L. Baldwin in cause No. 4619, Stamford State Bank vs. J. H. Baldwin, et al, in District Court of Jones County, Texas? Answer 'It was filed,' or 'It was not filed,' as you find the facts to be. Answer: It was not filed.

"Special Issue No. 3. Do you find from a preponderance of the evidence that the judgment of the court, rendered on January 6, 1926, in cause No. 4619, Stamford State Bank vs. J. H. Baldwin, et al, was based upon an agreement for judgment? Answer 'Yes' or 'No.' Answer: Yes.

"Special Issue No. 4. Do you find from a preponderance of the evidence that the judgment the court rendered on January 6, 1926, in cause No. 4619, Stamford State Bank vs. J. H. Baldwin, et al, was not based upon an actual trial of that case? Answer: 'It was based on an actual trial,' or 'It was not based on an actual trial,' as you find the facts to be. Answer: It was not based on an actual trial.

"Special Issue No. 5. Do you find from a preponderance of the evidence that Mrs. Nannie L. Baldwin, before the rendition of the judgment on January 6, 1926, in cause No. 4619, Stamford State Bank vs. J. H. Baldwin, et al, did not employ the law firm of Stinson, Coombes & Brooks, or any member of that firm of lawyers, to represent her or act for her, as her attorney or attorneys, in cause No. 4619? Answer: She did not employ them.

"Special Issue No. 6. Do you find from a preponderance of the evidence that the south 200 acres out of section No. 1, in Block No. 9, was on the 9th day of December, 1921, the actual homestead of the plaintiff, Mrs. Nannie L. Baldwin, and was then being used and occupied by her for the purpose of a home? Answer Yes or No. Answer: ———.

"Special Issue No. 7. Do you find from a preponderance of the evidence that the plaintiff Mrs. Nannie L. Baldwin had a place of residence at Stamford, Jones County, Texas, on December 9th, 1921? Answer Yes or No. Answer: Yes.

"Special Issue No. 8. Do you find from a preponderance of the evidence that the plaintiff Mrs. Nannie L. Baldwin was not personally present before the Deputy Clerk who signed the Certificate of Acknowledgment on the Deed of Trust to T. A. Upshaw, Trustee, dated December 8, 1921, at the time it is alleged she acknowledged said Deed of Trust? Answer 'She was present' or 'She was not present,' as you find the facts to be. Answer: She was present."

Upon the request of appellees, the following additional issue was submitted: "Do you find from a preponderance of the evidence that the plaintiff Mrs. Nannie L. Baldwin signed the agreement of October 26, 1925, in evidence before you, authorizing the judgment in cause No. 4619? Answer Yes or No. Answer: Yes."

It will be observed that no answer was returned to special issue No. 6, and it is earnestly insisted that, because of the inability of the jury to agree on an answer to that issue, the verdict was insufficient to support a judgment, and a mistrial should have been ordered.

If, under the other findings of the jury, that issue became immaterial, then the failure of the jury to make answer thereto constituted no obstacle to the rendering of the judgment warranted by the other findings. Brokaw v. Collett (Tex. Com. App.) 1 S.W.(2d) 1090; Magnolia Pet. Co. v. Connellee (Tex. Com. App.) 11 S.W.(2d) 158; Citizens' Nat. Bank of Abilene v. Overstreet (Tex. Civ. App.) 77 S.W.(2d) 250; Speer on Special Issues, § 428, p. 557. Our inquiry is this: Had the jury answered this issue favorably to the contention of Mrs. Baldwin, would such answer have required either an order of mistrial or a judgment in her favor? Clearly, to our minds, it would have required neither. In a suit of this nature the burden is upon the plaintiff, first, to impeach the judgment, and, secondly, to establish a meritorious defense. The unanswered issue submitted no ground for the impeachment of the judgment, but only an issue on the question of a meritorious defense. Unless and until the judgment of foreclosure is impeached, opened, and vacated, the question of whether appellants had a meritorious defense is not reached. The validity of the lien was put in issue in the original suit, and the judgment rendered therein is res judicata on that issue until it is set aside. That the question was one of homestead does not alter the rule. Nichols v. Dibrell, 61 Tex. 539. Appel-

lants have no right again to litigate that issue so long as the original judgment stands.

There is no jury finding that would have authorized the trial court to set aside the original judgment. The jury found, in answer to special issue No. 1, that citation was served in that case upon Mrs. Baldwin. In answer to special issue No. 3, it found that judgment was based upon an agreement for judgment. And in answer to requested issue No. 1 of the defendants it found that Mrs. Baldwin signed the agreement introduced in evidence authorizing the judgment in that cause. The fact that Mrs. Baldwin employed no counsel and filed no answer could not be made the basis for vacating the judgment rendered. She was legally cited to appear and answer, and, besides, she appeared in a most effectual and conclusive manner when she executed the agreement that the court might render the exact judgment which was rendered.

The judgment rendered below was required by the verdict, and it will, therefore, be affirmed.