## PORTILLA DRILLING CO. v. MILLER.

### No. 10720.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 30, 1940.

Rehearing Denied Nov. 27, 1940.

Hubbard, Stafford & Little, of Corpus Christi, and D. D. Boyd, of Port Lavaca, for appellant.

Barton & Hartzog, of Port Lavaca, Linebaugh & Guittard, of Victoria, and Will R. Saunders, of Dallas, for appellee.

SMITH, Chief Justice.

Lee Miller, as plaintiff below, sued Portilla Drilling Company, defendant, for damages for personal injuries admittedly sustained by him in an accident occurring on an oil lease in Calhoun County, on which the Company was drilling a well. Miller was an employee of Younger Brothers, Inc., a trucking concern engaged by the Drilling Company to haul materials and supplies used in its drilling operations.

The Drilling Company owned a "mud pump" which it used in drilling opera-

tions. This pump weighed between 40,000 and 50,000 pounds, and was operated by steam. Attached to the pump was a steam manifold. On the day before the injury to Miller, the Drilling Company engaged its hauling agency, Younger Brothers, to move the mud pump to the drilling site, a distance of 1,000 or 1,200 feet. This was done by Younger Brothers in the customary way. The Drilling Company's foreman in charge observed this movement, was familiar with and acquiesced in the process, accepted delivery of the pump after the movement was completed, and put the pump in operation the next morning.

After moving the mud pump in the afternoon, Younger Brothers went about doing other routine hauling for the Drilling Company. This included hauling casing to the drilling site to be used by the Drilling Company in its operations. Plaintiff, Miller, was helping haul the casing, and when, about 2:30 the next afternoon, this work carried him to within twelve or fifteen feet of the plugged end of the steam manifold attached to the mud pump, the plug blew out with exploding steam, knocking plaintiff down and rolling him away along the ground an estimated distance of ninety feet, seriously injuring him. Upon the trial of the suit plaintiff, Miller, recovered judgment against Portilla Drilling Company, which has appealed. He will be designated as plaintiff, and the Drilling Company as defendant, as in the court below.

Judgment was rendered against defendant under the doctrine of res ipsa loquitur, properly pleaded by plaintiff, and appropriately submitted by the court to the jury on special issues, in response to which the jury found that defendant (1) maintained and (2) operated the pump in a "negligent manner," and that each of said acts of negligence was a proximate cause of plaintiff's injuries. The jury further found (3) against unavoidable accident, (4) that plaintiff neither knew nor should have known the accident might occur, and (5) that no act or omission of Younger Brothers was the sole proximate cause of plaintiff's injury.

The controlling question in the appeal is that of res ipsa loquitur. We are of the opinion that plaintiff properly invoked and the trial court properly applied that doctrine to the case made below.

It is, or must be, conceded, and there was evidence clearly establishing the fact, that the accident was not one that would ordinarily occur in the absence of negligence, and it conclusively appears that the exploding machine was usually, and on the particular day and at the moment and on the occasion of the accident, under the exclusive control, direction and operation of defendant. Under the now well settled rule, these facts made a prima facie case against defendant under the doctrine of res ipsa loquitur, and the burden thereupon shifted to defendant to go forward with testimony accounting for the accident and clearing its skirts of the legal implication of negligence raised by the fact of the explosion. It was then for the jury to weigh the evidence and determine the issue of negligence, as was done in this case. 30 Tex.Jur. p. 806, sec. 132; Texas & N. J. Ry. v. Crowder, 63 Tex. 502; McCray v. Galveston, etc., Ry., 89 Tex. 168, 34 S.W. 95; Gulf, C. & S. F. Ry. v. Dunman, Tex. Com.App., 27 S.W.2d 116, 72 A.L.R. 90; Note, 23 A.L.R. 484; Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659; Galveston, H. & S. A. Ry. v. Perez, Tex.Civ.App., 182 S.W. 419, writ refused; Tyreco Co. v. Cook, Tex.Civ.App., 110 S.W.2d 219; Taylor v. Popular D. G. Co., Tex.Civ.App., 10 S.W.2d 191. The procedure indicated was pursued in this case. After plaintiff made his prima facie case, defendant put on considerable testimony designed to free itself from the case made by plaintiff. That evidence by no means conclusively established defendant's freedom from negligence, but was such as to fully warrant the jury in finding in favor of plaintiff upon the issue thus raised, and their findings, approved by the trial judge, are binding upon this Court. 30 Tex.Jur. p. 806, sec. 132; Gulf, C. & S. F. Ry. v. Dunman, Tex. Com.App., 27 S.W.2d 116, 72 A.L.R. 90; Wichita Falls Traction Co. v. Elliott, supra.

The fact relied on by defendant that the defectively maintained or operated machine had been in the possession of Younger Brothers for a time on the day before the accident did not serve to take the case from under the invoked rule of res ipsa loquitur. The trucking concern was employed by defendant, apparently regularly, to haul its materials and supplies. And even though it may be regard-

ed as a third party, or independent contractor, in the particular job of moving defendant's pump as it did, it did so at the instance of defendant and under the close observation, if not actual supervision, of defendant's authorized foreman, who fully acquiesced in that handling and accepted the machine in the condition tendered by Younger Brothers, and put it in operation in that condition, thereby vouching for it to plaintiff, an invitee. 31 A.L. R. 1029, et seq.; Orient Consolidated Pure Ice Co. v. Edmundson, Tex.Civ.App., 140 S.W. 124, writ refused. We overrule defendant's propositions one and two, in which the question of res ipsa loquitur is presented. We also overrule defendant's propositions three, four, five and eight, in which complaint is made of the action of the trial judge in submitting the case to the jury, and in refusing to render judgment for defendant non obstante veredicto. Defendant's sixth and seventh propositions cannot be considered because multifarious in that each presents six different questions of law.

■ Defendant requested and the trial judge refused to submit special issues inquiring if the injury to plaintiff was "not the result of some act or omission" of Younger Brothers' employees, or of "some cause or causes other than the alleged negligence" of defendant. Defendant complains of those rulings in its ninth and tenth propositions, which are overruled. There is no evidence, certainly no more than enough to raise a remote surmise, that any act of Younger Brothers, or of any other third party or influence, caused or contributed to the conditions which brought about the explosion, and if the requested issues had been submitted and answered favorably to defendant, they would have had to be set aside for lack of evidence to support them. For the same reason the submission of the issue of whether any act of Younger Brothers was the sole proximate cause of plaintiff's injuries (which was answered in the negative) was harmless to defendant, even if error. We overrule defendant's eleventh proposition.

M. C. Arlett testified as an expert witness for plaintiff. There can be no question of his full qualification as an expert upon the matters in which he gave his opinion. Among other things, he was asked, and answered:

"Q. I will ask you to state whether or not, in your opinion, an explosion of that nature is or is not likely to happen if there is no fault in the operation of the steam equipment? * * * A. I do not see how it could.

"Q. Assuming that there is no fault or defect in the weld mentioned, state whether or not such an explosion would or would not be likely to happen if the steam equipment is operated in a proper manner? * * * A. The way I look at it, there is no reason for anything to happen if everything is operating properly."

■ Defendant objected to both answers of the witness upon the ground that "it calls for a conclusion." We have examined the record carefully, and have considered the trial judge's caution in admitting those and other answers of the witness, and conclude that no reversible error is shown by the incident. A trial judge is and should be allowed considerable discretion in admitting and excluding the testimony of expert witnesses, and we are of the opinion that the judge did not abuse that discretion in this case. We overrule defendant's twelfth proposition.

■ In its thirteenth proposition defendant complains that the witness Arlett was permitted to testify in violation of the rule, which had been invoked in the case. This objection does not appear from defendant's brief to have been made below, and the proposition is therefore without merit. Besides, it is within the sound discretion of trial judges to excuse witnesses from under the rule, and no abuse of that discretion is apparent in this case. 44 Tex. Jur. p. 1088, sec. 113.

■ In its fourteenth proposition defendant complains of the exclusion of proffered testimony of E. E. Black, a witness for plaintiff, on cross-examination by defendant. The proposition must be overruled. The witness had testified on direct examination that he was an employee of Younger Brothers at the time of the accident and for some time prior thereto, and was present on the occasion of the accident to plaintiff. It appears from the statement in defendant's brief under the proposition raising this question, that defendant asked Black if a certain written statement purporting to have been signed by him was correct, to which the witness assented. This statement was summarized in defendant's brief as being "* * * to the effect that he had been familiar with

Portilla Drilling Company's equipment for about three years prior to the date of the accident, and had always found it in first class shape at all times, and that he had never witnessed any hazards about its equipment, rigs, pumps, boilers, and all other material, and that he was present at the time of the explosion, and did not see any negligence in any manner on the part of Portilla Drilling Company or its employees." Counsel for defendant stated that "he was going to introduce" certain parts of the statement, handing it to counsel for plaintiff, who objected to its introduction. The offer does not appear to have been pressed to a ruling, but after some discussion between both counsel and the court, counsel for defendant asked and the witness answered several preliminary questions, to the effect that the witness had been in Younger Brothers' employ the last three years, and it was part of his duty to "help move rigs and derricks and oil field equipment from one location to another," and "have been doing that for Portilla Drilling Company as an employee for Younger Brothers." Thereupon counsel for defendant asked the witness whether he "had always found the equipment of Portilla Drilling Company in first class shape at all times," and whether at any previous time the witness had so stated. The trial judge sustained plaintiff's objection to the question, and himself interposed other objections, and defendant excepted, and now complains of this ruling in its fourteenth proposition. In perfecting defendant's bills of exception, in the absence of the jury, defendant elicited from the witness that he had never "examined" defendant's "equipment" and "do not know whether I could say" if he had "ever failed to find that equipment in first class condition.". Obviously this took all the sting out of the court's ruling, so that defendant cannot complain thereat.

█ The trial judge also refused to permit the same witness to say if he had "ever witnessed any hazards about" defendant's "equipment, rigs, pumps, boilers or other material, while unloading or moving things for Portilla Drilling Company." This ruling does not show reversible error.

█ Also, the trial judge refused to permit the same witness to say if, at the time of the accident, he had "witnessed any negligence on the part of" defendant "or any of its employees." Obviously, the question called for a pure conclusion of the witness upon a mixed question of law and fact, and was clearly inadmissible. .

█ In its fifteenth proposition defendant complains because the court refused to permit the witness Otto Darst to answer a certain question propounded to him by defendant. The statement under this proposition does not disclose what answer the witness would have made, if permitted to answer. The proposition therefore presents nothing for review. For a like reason defendant's sixteenth proposition must be overruled. Defendant's seventeenth proposition is overruled because it does not show reversible error.

█ Defendant complains of the method of submission of the theory of assumed risk, and the refusal of defendant's requested submission of that issue. This matter is raised in defendant's eighteenth and nineteenth propositions. The propositions are overruled. There was no evidence raising the issue, and, moreover, the doctrine of assumed risk does not apply in the absence of the relationship of master and servant, as was the case here. 20 R. C. L. p. 109, sec. 95; 30 Tex.Jur. p. 678, sec. 29; West Texas Utilities Co. v. Renner, Tex.Com.App., 53 S.W.2d 451; Gulf, C. & S. F. Ry. v. Irick, Tex.Civ. App., 116 S.W.2d 1099; El Paso Printing Co. v. Glick, Tex.Civ.App., 246 S.W. 1076; Id., Tex.Com.App., 263 S.W. 260; Alamo Nat. Bank v. Hazlitt, Tex.Civ.App., 92 S.W.2d 315; Nesmith v. Magnolia Co., Tex.Civ.App., 82 S.W.2d 721; San Angelo, etc., Co. v. Baugh, Tex.Civ.App., 270 S.W. 1101.

The case appears to have been fairly tried, without reversible error, and the judgment is affirmed.