substance, which is unauthorized. Branch's P.C., Sec. 511.

A similar contention was held untenable in Colter v. State, 41 Tex.Cr.R. 78, 51 S.W. 945.

█ It would be a strange doctrine, indeed, that would authorize an accused, by suggesting his correct name, to vitiate the indictment against him. The statute, Art. 496, C.C.P., authorizing the accused to suggest that his true name be inserted in an indictment was intended to have no such construction.

█ No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.

## F. W. WOOLWORTH CO. v. ELLISON.

No. 2807.

Court of Civil Appeals of Texas.
Eastland.

Sept. 22, 1950.

Rehearing Denied Oct. 13, 1950.

Wagstaff, Harwell, Wagstaff & Alvis, Abilene, for appellant.

Carl M. Anderson, Sweetwater, for appellee.

COLLINGS, Justice.

This is a suit for damages brought by appellee, W. H. Ellison, against appellant, F. W. Woolworth Company, for personal injuries alleged to have been sustained by appellee while removing trash from the basement of appellant's store. Appellee was an employee of H. T. Harris who had the contract to remove appellant's trash. As such employee, he entered the basement of appellant's store through a sidewalk entrance on the occasion in question and his injuries occurred when one of the heavy steel doors to such entrance was blown to, or otherwise closed, and struck appellee's arm. The case was tried before a jury and based upon its verdict, judgment was rendered for appellee in the sum of $2,500.00, from which F. W. Woolworth Company brings this appeal.

Appellee Ellison alleged that for many years appellant had operated its business on the premises in question, including the basement which it held under a lease by which it was obligated to maintain same and the sidewalk and entrance thereto; that such sidewalk entrance was built by appellant and it was directed and required by appellant that its trash be removed through such entrance; that the entrance

into the basement through the sidewalk opening was covered when closed by two heavy steel doors, both of which opened upward, and steel chains were attached to each of said doors so they could not be let completely back against the sidewalk when opened, but were held up nearly perpendicular; that the force of a strong gust of wind could cause them to be blown closed; that the position and condition of the doors when so held open by the chains was extremely dangerous, particularly when the wind was blowing; that such danger was not apparent to an inexperienced and uneducated man such as appellee, who, in truth, did not know of such danger, but that appellant, its servants, agents and employees did know that the doors had blown shut and had knowledge of the dangerous condition of such entrance prior to the time of appellee's injury, or by the exercise of ordinary care and diligence should have known of such danger; that on November 4, 1948, while appellee was attempting to carry a load of appellant's trash out of its basement through such sidewalk entrance, one of the heavy steel doors which had been opened for this purpose, blew shut, striking and breaking appellee's left arm in several places and causing him severe pain and disability to work, to his damage in the amount of $2,995.00.

Appellee alleged that appellant company was negligent (1) in not having some device to hold the doors open so they could not be blown closed when in use, and (2) in not providing an entrance into its basement for the purpose of picking up and hauling away its trash that was reasonably safe.

Appellant, by way of answer, alleged that appellee had been using the entrance in question for more than three years, was thoroughly familar therewith and that the condition of such entrance was open, patent and obvious and that appellee knew, or in the exercise of reasonable care, should have known that the doors had chains fastened thereon to prevent them from laying back against the sidewalk and that appellee should have braced said doors or taken other precautions so as to prevent them from blowing to while he was using the entrance; and that if the entrance was not safe, such condition was open, patent and obvious and appellee knew, or in the exercise of ordinary care, should have known of such condition and was guilty of negligence in using same; that the unsafe condition of the entrance, if any, was brought about by the manner in which appellee used it.

The jury found, in answer to special issues submitted (1) that appellant failed to provide a suitable rod or other means to hold the doors securely open while being used by appellee on the occasion in question, and that such failure was negligence and a proximate cause of appellee's injury; (2) that appellant failed to provide and maintain its sidewalk entrance in a reasonably safe condition for the purpose for which appellee was using it on the occasion in question and that such failure was negligence and a proximate cause of appellee's injury; (3) that appellee was not negligent in entering the doors without causing them to be braced; (4) that the unsafe condition of the entrance was not brought about by the manner in which appellee used same, and (5) that appellee was not negligent in failing to request appellant to supply him with suitable means to hold such doors open when he was using the entrance.

Numerous witnesses were interrogated and their testimony is so lengthy that it is not practical to set it out in detail. It shows, however, that appellee, at the time of his injury, was 56 years of age, uneducated, and an employee of H. T. Harris, an independent contractor who had the contract to remove appellant's trash; that appellee had worked for Harris for about three years and prior thereto had worked for some time for predecessors of Harris in hauling trash from such premises; that the trash was required by appellant to be picked up in the basement near the chute or sidewalk entrance where appellant's employees always stacked or placed it to be carried away; that on the occasion of his injury, appellee went to appellant's store about 1:30 o'clock in the afternoon and opened the steel doors from the sidewalk and through such sidewalk entrance went

into the basement to remove the trash. The evidence indicated that the steel doors weighed about 100 pounds each. Pictures were introduced showing the doors closed flush with the sidewalk so that they became a part thereof, and also showing such doors open but held by chains so that they could not fall or lay back against the sidewalk but were held in a near upright position. Appellee testified that during the time of his employment he had used such entrance every day, six days each week; that he had never seen anyone brace the doors prior to the time of his accident nor had he seen a steel rod with which the doors could be propped open. When asked if he had ever looked for such a rod, he stated that he did not know that one was used for that purpose; that if a rod had been there and he had known about it he would have used it. No one said anything to appellee about the doors being dangerous or blowing to on anybody. Several witnesses testified that they knew the doors might blow to if not braced. The witness Elzie F. Rowland, a postal employee, testified that he explained to appellant's store manager that he "thought the doors were dangerous"; that the doors were "a little off perpendicular * * * it was ten or fifteen degrees off center, not 45. The wind blew the door to, almost caught my left foot. * * * I have opened those doors almost a hundred times to go down the steps but after I saw the wind blow it to I quit * * *. It was too heavy to start with * * * it was hazardous."

Appellant contends that there was no evidence in the record that the entrance to the basement in question was not maintained in a reasonably safe condition and that if a dangerous condition was shown, such condition was shown by the undisputed evidence to be open, patent and obvious and well known to appellee, and based upon this contention, urges in numerous points that the court erred in refusing its motion for a preemptory instruction, and in submitting various special issues to the jury. Since these points relate to the same subject, they were properly discussed together in appellant's brief and we will so consider them here.

■ Although the evidence was conflicting, the finding that appellant failed to provide a suitable rod or other means sufficient to hold the doors securely open while being used, was amply supported. The testimony as to the condition of the doors, their weight, the near perpendicular position in which they were held by the chains when open, the fact that they had been blown to previously and that appellant's store manager had been warned that the doors "were dangerous" is, in our opinion, sufficient to support a finding of negligence on the part of appellant which was a proximate cause of appellee's injury. Smith v. Henger, Tex. Sup., 226 S.W.2d 425, 431.

■ The question of appellee's contributory negligence under the evidence was also a question of fact for the jury. Whether a dangerous condition is so open and obvious as to be negligence per se is not always easy to determine. As stated in the case of J. Weingarten, Inc., v. Brockman, Tex.Com.App., 135 S.W.2d 698, 699: "The facts of each case must be given independent consideration, and seldom are the facts of any two cases so identical as that the decision in one could be held to be authority for a like decision in the other."

There is no doubt, under the evidence presented, that the doors were dangerous. The injury sustained by appellee, has, of course, conclusively established that fact. It is true, as contended by appellant, that appellee used the doors many time over a period of several years and had ample opportunity to observe their condition. This evidence raised an issue of fact as to appellee's negligence. We do not think, however, that it is conclusively shown that appellee realized or should have realized the dangerous condition which existed. If it should be held that he did know there was danger, we feel that the evidence does not show such imminent danger that he should be held guilty of negligence as a matter of law in using the entrance. Smith v. Henger, supra; McAfee v. Travis Gas Corporation, 137 Tex. 314, 153 S.W.2d 442, 447; Gulf, C. & S. F. Ry. Co. v. Gascamp, 69 Tex. 545, 7 S.W. 227; Gulf, C. & S. F. Ry. Co. v. Irick, Tex.Civ.App., 116 S.W.2d

1099; 30 Tex.Jur., page 764; Northcutt v. Magnolia Petroleum Co., Tex.Civ.App., 90 S.W.2d 632.

Appellant further contends that the court erred in refusing to submit its specially re-quested issue No. 1 which was as follows: "Do you find from a preponderance of the evidence that the condition of the entrance to the basement of defendant's store was open, patent and obvious to the plaintiff at the time and on the occasion of his alleged accident?"

In our opinion, this issue was not a proper one. It does not specify what condition of the entrance is in question but if we presume that the condition inquired about is the danger of the entrance, then the ultimate question of fact for jury determination was, whether appellee was guilty of negligence in using the entrance under the circumstances. This issue was submitted to the jury by the court in its main charge in special issue No. 8 thereof, which was as follows: "Do you find from a preponderance of the evidence that the plaintiff was negligent in entering the doors leading to the basement of defendant's store on the occasion in question without causing said doors to be braced to prevent their closing?"

If the condition of the entrance, being known to appellee, had been so imminently dangerous that it could be held, as a matter of law, that a reasonably prudent and cautious person would not have used it without in some manner propping the doors open, then appellee's use of the entrance under the circumstances, would have been negligence per se. As hereinbefore stated, we do not feel that the degree of danger or the knowledge thereof shown in appellee was such as to constitute negligence as a matter of law. Any showing of danger or of knowledge thereof by appellee, less than that indicated, was a question of fact but not an ultimate fact issue. It was evidentiary to the ultimate fact issue of appellee's negligence, if any, in using the entrance under the circumstances. As indicated above, the issue of appellee's negligence was submitted in the court's special issue No. 8.

Appellant urges that the court erred in refusing to submit its specially requested issue No. 2 which was as follows: "Do you find from a preponderance of the evidence that plaintiff assumed the risk of injury in using the doors in an unbraced condition at the time and on the occasion of the accident?"

In our opinion, the court also properly refused the above requested issue. Since Ellison was not an employee of appellant company, the doctrine of assumed risk does not apply. West Texas Utilities Co. v. Renner, Tex.Com.App., 53 S.W.2d 451, 454; Portilla Drilling Co. v. Miller, Tex. Civ.App., 144 S.W.2d 936; Bridwell v. Bernard, Tex.Civ.App., 159 S.W.2d 981; Panhandle & S. F. Ry. Co. et al. v. Haywood, Tex.Civ.App., 227 S.W. 347, 352, Writ Ref.; 30 Tex.Jur., page 678.

Appellant contends that the court erred in overruling its motion to set aside the verdict of the jury and declare a mistrial because the jury failed to answer special issue No. 15 of the court's main charge. The issue in question was as follows: "Do you find from a preponderance of the evidence that on November 4, 1948, while the plaintiff was using the sidewalk entrance to defendant's basement there was a brace rod sufficient to hold the doors of the entrance securely open available for plaintiff's use?"

The above issue, although submitted to the jury, was not answered by them. Appellant urges that such issue was a material defensive one, and since it was not answered, the verdict of the jury was incomplete and that the court erred in rendering judgment based thereon and in overruling appellant's timely motion to set the verdict aside and declare a mistrial. We cannot agree with this contention. Special Issue No. 1 of the court's main charge, which was answered in the affirmative by the jury, was as follows: "Do you find from a preponderance of the evidence that the defendant failed to provide a suitable rod or other means sufficient to hold the doors securely open while being used by the plaintiff on November 4, 1948?"

These issues are substantially the same. Issue No. 1 inquired if appellant

"failed to provide a rod" and issue No. 15 inquired if "there was a * * * rod * * * available." One of the issues is an affirmative submission and the other is a negative submission of the same fact question and the court was not required to submit both. Wichita Valley R. Co. v. Williams, Tex.Civ.App., 6 S.W.2d 439, Writ Ref.; Wright v. Traders & General Ins. Co., 132 Tex. 172, 123 S.W.2d 314; Southern Underwriters v. Weldon, Tex.Civ.App., 142 S.W.2d 574, 576; Traders & General Ins. Co. v. Maxwell, Tex.Civ.App., 142 S. W.2d 685, 691; Highway Ins. Underwriters v. LeBeau, Tex.Civ.App., 184 S.W.2d 671, 677. Since special issue No. 15 was not required to be submitted and since the matter therein inquired about was answered by the jury in its answer to special issue No. 1, the failure of the jury to answer special issue No. 15 was no bar to judgment. Baldwin v. Stamford State Bank, Tex.Civ.App., 82 S.W.2d 701; Texas Employers' Ins. Ass'n v. Derrick, Tex.Civ.App., 207 S.W. 2d 199.

Appellant also complains of the fact that the court overruled its objection to the testimony of the witness C. D. Stephens to the effect that there was no bar or brace rod to hold the doors open during the years 1929, 1930, and 1931, and that during such time he never saw or heard of there being a rod to hold the doors so they could not close. The basis of appellant's objection to this testimony was that it concerned matters too remote in time from appellee's injury on November 4, 1948 to be material thereto and was therefore inadmissible.

 Appellee, as plaintiff in the trial court, alleged that the sidewalk entrance, the doors thereto and the chains holding the doors open in the alleged dangerous condition, were all constructed and placed there by appellant and that appellant was negligent in not having a chain or other device to hold said doors so they could not blow closed when in use; that the trash had been carried through the doors in this condition for many years and that appellant knew or in the exercise of ordinary care should have known of the dangerous

condition. The issue was sharply drawn by the evidence in the trial court as to whether a rod was available with which appellee Ellison could have braced the doors at the time of his injury. Appellee's contention was that no such rod was available and appellant's contention was that such a rod was and for many years in the past, had been available. The witness Stephens testified that when he first began hauling trash from appellant's store in 1929, the sidewalk doors had no chain on them but lay all the way back against the sidewalk when open; that some months thereafter, chains were put on the doors holding them up away from the sidewalk when open, and that during the remaining portion of the three years that he worked there, he never saw or knew of a brace rod used to hold them open. This testimony had relation to the subject matter in controversy as alleged by plaintiff and as the issues were drawn in the trial of the case, in that, it purported to show the absence of a rod with which the doors could be braced open from the very time that the chains were placed on the doors to hold them away from the sidewalk. The remoteness of the testimony objected to under the circumstances, in our opinion, went to its weight rather than its admissibility. Appellant especially urges that such testimony was too remote in view of the fact that the sidewalk entrance and the doors thereto had been "changed, altered and moved" after the time testified about by the witness Stephens. The testimony that there was a change in the location and condition of the basement doors was by the witness Walter Carter and came subsequent to the testimony of C. D. Stephens here complained of. Appellant's objection to the testimony of Stephens was not renewed after such testimony by Carter. In our opinion, the testimony of Stephens was admissible under the condition of the record at the time it was introduced. If it be held that the subsequent testimony of Carter conclusively showed a change of condition and thereby rendered the testimony of Stephens inadmissible, then appellant had the burden of renewing his objection thereto or moving to strike

and when he failed to do so, waived the matter.

The judgment of the trial court is affirmed.

GRISSOM, C. J., and LONG, J., concur.